UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DARRYL W. RISER, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 09-3273 |
| § | |
| UNITED STATES DEPARTMENT OF § | |
| STATE and UNITED STATES OFFICE § | |
| OF PERSONNEL MANAGEMENT, § | |
| § | |
| Defendants. § | |
| § | |

**MEMORANDUM AND ORDER**

Pending before the Court are the Amended Motion for Summary Judgment (Doc. No. 42) filed by pro se Plaintiff Darryl W. Riser ("Plaintiff"), and the Cross Motion for Summary Judgment (Doc. No. 47) filed by Defendants United States Department of States ("DOS") and United States Office of Personnel Management ("OPM") (collectively "Defendants"). Also before the Court is Plaintiff's Motion to Strike Defendant's Response to Plaintiff's Motion for Summary Judgment and for Sanctions (Doc. No. 48). Upon considering the parties' filings and the applicable law, the Court finds that Plaintiff's Motion for Summary Judgment should be granted in part and denied in part, that Defendants' Cross-Motion for Summary Judgment should be granted in part and denied in part, and that Plaintiff's Motion to Strike and for Sanctions should be denied.

**I. BACKGROUND**

1

Plaintiff, a former U.S. Army Reserve Officer, was offered conditional employment with DOS as a passport specialist in 2006. DOS, through a subagency, conducted a background investigation of Plaintiff, and in 2008 determined that Plaintiff did not meet suitability requirements. DOS then reconsidered Plaintiff's application and terminated his candidacy for the passport specialist position.

On May 3, 2008, Plaintiff sent a request to DOS seeking disclosure of records relating to his employment application under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. On June 9, 2009, Plaintiff sent a FOIA / Privacy Act request to the Defense Industrial Security Clearance Office ("DISCO") seeking disclosure of his background investigation for the years 1998, 2000, and 2006. DOS and DISCO forwarded the requests to OPM. Plaintiff filed this suit on October 7, 2009, seeking declaratory and injunctive relief, damages, and attorneys fees.

Plaintiff currently challenges the withholding of a two-page OPM record, referred to as "INV-50,"[1] and seeks disclosure of his 1988-1989 OPM Employment File, which OPM has not located but which Plaintiff believes to be located in OPM's office in Dayton, Ohio. (*See* Doc. No. 53, at 1.) Plaintiff also seeks damages under both FOIA and the Privacy Act, alleging that Defendants intentionally and willfully violated the statutes. Finally, Plaintiff seeks a declaration that Defendants' failure to disclose the requested records was unlawful, and seeks attorney's fees under the Privacy Act.

---

[1] Although DOS withheld from Plaintiff seven documents in part based on statutory exemptions, Plaintiff does not challenge the propriety of those withholdings, only the delay in producing responsive records. (*See* Doc. No. 42, Pl.'s Am. Mot. for Summary Judgment, at 8; Doc. No. 48, Pl.'s Mot. to Strike and Resp. to Cross Mot. for Summary Judgment, at 6-7; Doc. No. 53, Pl.'s Reply to Order.) Plaintiff also does not contest the adequacy of the agencies' searches, only the timeliness of those searches. (*See* Doc. No. 48, Pl.'s Mot. to Strike, at 6.)

## II.     LEGAL STANDARDS

### A. FOIA

"The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978). FOIA requires agencies, within 20 days of receiving a request for records, to determine whether to produce responsive records and to immediately notify the requester of such determination. 5 U.S.C. § 552(a)(6)(A)(i). Agencies must produce requested records unless they fall within one of the narrow exemptions set forth in the statute. 5 U.S.C. § 552(b); *see Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 151 (1989) ("Consistent with the Act's goal of broad disclosure, these exemptions have been consistently given a narrow compass."). "FOIA exemptions are to be narrowly construed," *FBI v. Abramson*, 456 U.S. 615, 630 (1982), and the statute places "the burden . . . on the agency to sustain its action." 5 U.S.C. § 552(a)(4)(B). "To justify summary judgment, a declaration must provide detailed and specific information demonstrating that material withheld is logically within the domain of the exemption claimed. An affidavit that contains merely a categorical description of redacted material coupled with categorical indication of anticipated consequences of disclosure is clearly inadequate." *Campbell v. Dep't of Justice*, 164 F.3d 20, 30 (D.C. Cir. 1998) (internal citations omitted); *see also Cooper Cameron Corp. v. Occupational Safety and Health Admin.*, 280 F.3d 539, 543 (5th Cir. 2002) ("affidavit will not suffice if the agency's claims are conclusory, merely reciting statutory standards, or if they are too vague or sweeping") (internal citation omitted).

FOIA authorizes awards of attorney fees and litigation costs for agency non-compliance, 5 U.S.C. § 552(a)(4)(F), and prevents agencies from assessing search fees if the agency has not fully complied with the statutory time limits, 5 U.S.C. § 552(a)(4)(A)(viii). Nothing in the FOIA statute, however, authorizes damages awards to requesters for agency non-compliance or misconduct. *See, e.g.*, *Johnson v. City of Shorewood*, 360 F.3d 810, 816 (8th Cir. 2004) (citing 5 U.S.C. § 552(a)(4)(B)).

**B. Privacy Act**

The Privacy Act regulates agencies' maintenance and disclosure of records about individuals. 5 U.S.C. § 552a. Among other things, it regulates the types of records agencies may keep about individuals, prevents disclosure of such records to other people except in certain circumstances, and requires agencies to provide individuals with access to records that the agency maintains about them. *Id.*

Records that must be produced in response to a FOIA request may not be withheld based on a Privacy Act exemption, and records that must be produced in response to a Privacy Act request cannot be withheld based on a FOIA exemption. 5 U.S.C. § 552a(t). Thus, documents that fall under both statutes must be proven by the agency to fall within exemptions under both statutes.

The Privacy Act authorizes courts to award damages, litigation costs, and attorney fees for any violation of the statute that is "intentional or willful" and that has an "adverse effect" on an individual. 5 U.S.C. § 552(g).

**III. ANALYSIS**

**A. Withholding of OPM Record INV-50**

4

Plaintiff disputes the withholding of portions of INV-50, a two-page OPM document titled "Agency Information for OPM Background Investigations (For Use With the Automated Case Closing Transmittal)." (Doc. No. 47-3, at 41-42 (redacted version).) OPM describes INV-50 as "an internal document used by [OPM] to communicate information to customer agencies regarding how investigators identify the various sources of information from whom information may be sought and other aspects of the investigatory and adjudication process." (Doc. No. 47-2, Decl. of Christina L. Bilunka, ¶14.) The agency initially withheld INV-50 in full, but later released it to Plaintiff with four sections redacted. OPM continues to argue that three of the redacted sections are exempt from disclosure pursuant to FOIA exemptions (b)(2) and (b)(7)(E), 5 U.S.C. § 552(b)(2) & (7)(E), and Privacy Act exemption (k)(2), 5 U.S.C. §552a(k)(2). The agency contends that the other redacted section—consisting of portions of two lines of text—is exempt under FOIA exemption (b)(3), 5 U.S.C. §552(b)(3), and Privacy Act exemption (j)(1), 5 U.S.C. § 552a(j)(1).

The Court found the affidavits submitted by OPM, from Christina Bilunka and Timothy Forberger, to be insufficient to justify withholding the document and ordered OPM to submit an unredacted version of INV-50 to the Court for *in camera* review. (Doc. No. 51.)

### 1. FOIA Exemption (b)(2)

Exemption (b)(2) permits agencies to withhold records "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2). Courts have interpreted this exemption to require agencies seeking to invoke it to first show that a record is "predominantly internal" and then "meet one of two additional requirements."

5

*Public Citizen, Inc. v. Office of Management and Budget*, 598 F.3d 865, 869 (D.C. Cir. 2010). "The first, known as the 'low 2' exemption . . . , applies to predominantly internal materials that relate to trivial administrative matters of no genuine public interest . . . . The second, known as the 'high 2' exemption . . . , applies to predominantly internal materials if their disclosure significantly risks circumvention of agency regulations or statutes." *Id.* (internal citations and quotation marks omitted).

OPM asserts the "high 2" exemption for INV-50, arguing that the document is "predominantly 'internal'" and that disclosure "could impede efforts by investigators to fully and timely complete investigations without undue interference by subjects." (Doc. No. 47-2, Decl. of Timothy A. Forberger, ¶ 10-11.) The affidavit further states, "The INV-50 form describes the types of questions that an investigator may ask sources, the fingerprint submission process, and the internal processes for handling protected sources." (*Id.*, ¶ 11.)

Based on the agency's description of INV-50, and on a review of the redacted and unredacted versions of the document, the Court finds that it is not "predominantly internal" and thus cannot be withheld under Exemption (b)(2). Rather than concerning the "internal personnel rules and practices of an agency," the document is written entirely for use by *other* agencies. The D.C. Circuit held in *Vaughn v. Rosen* that Personnel Management Evaluations prepared by the Bureau of Personnel Management of the Civil Service Commission were not "internal" because they did not "'relate solely to . . . an agency,' but to common policies and problems in many agencies." 523 F.2d 1136, 1143 (D.C. Cir. 1975). That court recently rejected the argument that documents could be considered "internal" because they "concern other government agencies rather than the

6

public at large." *Public Citizen*, 598 F.3d at 870-71; *see also id.* ("Exemption 2 covers documents that are related solely to the *internal* personnel rules and practices of *an* agency.") (emphasis in original) (internal citation omitted). Although INV-50 discusses the guidelines used by OPM itself in processing agencies' requests for background investigations, it does not exist for internal use by OPM, but rather entirely for the use of other agencies. Therefore, the document cannot be said to be "used for predominantly internal purposes," and so Exemption (b)(2) does not apply. *Schiller v. NLRB*, 964 F.2d 1205, 1207 (D.C. Cir. 1992) (internal citation omitted).[2]

### 2. FOIA Exemption (b)(3)

Exemption (b)(3) permits agencies to withhold from disclosure information:

specifically exempted from disclosure by statute . . . , if that statute—
(A) (i) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue; or (ii) establishes particular criteria for withholding or refers to particular types of matters to be withheld . . . .

5 U.S.C. § 552(b)(3). OPM withholds two lines of text of INV-50 on this basis, citing the National Security Act of 1947, as amended, which provides that "[t]he Director of National Intelligence shall protect intelligence sources and methods from unauthorized disclosure." 50 U.S.C. § 403-1(i)(1). Courts have found that the National Security Act of 1947 exempts records under FOIA Exemption (b)(3) if those records "relate[] to intelligence sources and methods." *Larson v. Dep't of State*, 565 F.3d 857, 865 (D.C. Cir. 2009); *CIA v. Sims*, 471 U.S. 159, 167-68 (1985). The Director of National Intelligence

---

[2] The Supreme Court recently granted certiorari in a Ninth Circuit case to address a circuit split on the question of whether the "High 2" exemption exists under FOIA. *See Milner v. Dep't of Navy*, Case No. 09-1163, Questions Presented, *available at* http://www.supremecourt.gov/qp/09-01163qp.pdf. The Fifth Circuit has not squarely ruled on this issue. *See Sladek v. Bensinger*, 605 F.2d 899, 902 (5th Cir. 1979) (noting circuit split and declining to choose between competing interpretations). Because the Court finds that Exemption (b)(2) does not apply in this case, it need not reach the question of whether the FOIA statute even authorizes the High 2 exemption.

has "wide-ranging authority" to withhold information deemed to relate to "protect[ing] intelligence sources and methods," and may even "withhold superficially innocuous information on the ground that it might enable an observer to discover the identity of an intelligence source." *Sims*, 471 U.S. at 177, 178.

However, even in the Exemption (b)(3) context, the agency has the burden of proving that an exemption applies. *See, e.g.*, *Minier v. CIA*, 88 F.3d 796, 800 (9th Cir. 1996); *see also Berman v. CIA*, 501 F.3d 1136, 1140 (9th Cir. 2007) (because Congress has not "expanded the CIA's protection from FOIA from a 'near-blanket' exemption to a blanket exemption[,] [w]e therefore continue to conduct some meaningful—albeit restrained—review of the CIA's assertions"); *Wiener v. FBI*, 943 F.2d 972, 983 (finding CIA affidavit insufficient to justify withholding because it "fail[ed] to discuss the facts or reasons upon which [agent] based his conclusion"). In order to withhold responsive FOIA records under Exemption (b)(3), the Director of National Intelligence or the CIA must at the very least actually *exercise* the authority granted by the National Security Act of 1947. Typically this is done through an affidavit from a CIA official. *See, e.g.*, *Knight v. CIA*, 872 F.2d 660, 663-64 (5th Cir. 1989); *Pullara v. CIA*, 248 F.3d 1140, 2001 WL 85928, at *1 (5th Cir. 2001) (per curiam) (unpublished).

In this case, no CIA employee has submitted an affidavit. Instead, OPM relies on the affidavit of Timothy Forberger, an OPM FOIA official, stating that the information is withheld "pursuant to instruction from the CIA FOIA Office applying the National Security Act." (Doc. No. 47-2, ¶ 14.) Thus, the only support for the withholding under Exemption (b)(3) that OPM provides is both second-hand and conclusory. *See Hayden v. National Sec. Agency/Central Sec. Service*, 608 F.2d 1381, 1387 (D.C. Cir. 1979) ("The

8

affidavits will not suffice if the agency's claims are conclusory, merely reciting statutory standards, or if they are too vague or sweeping."). Moreover, it is not obvious to the Court based on *in camera* review that the withheld two lines relate to protecting intelligence sources and methods in any way. Allowing withholding under these circumstances would expand the "'near-blanket' exemption to a blanket exemption" whenever an agency invoked the name "CIA." *See Berman v. C.I.A.*, 501 F.3d at 1140. Such blind deference would improperly abdicate the judiciary's role in requiring agencies to comply with the intent of Congress.

In light of the possibility that the withheld information may indeed relate to protecting intelligence sources and methods, the Court orders OPM to *either* disclose those two lines to Plaintiff *or* to produce an affidavit sufficient to justify the withholding under Exemption (b)(3).

### 3. FOIA Exemption (b)(7)(E)

Exemption (b)(7)(E) permits agencies to withhold:

> records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law . . . .

5 U.S.C. §552(b)(7)(E).

In order to meet the threshold requirement that a record was "compiled for law enforcement purposes," an agency "must establish a rational nexus between the investigation and one of the agency's law enforcement duties . . . , and a connection between an individual or incident and a possible security risk or violation of federal law." *Campbell v. Dep't of Justice*, 164 F.3d 20, 32 (D.C. Cir. 1998) (internal citations

9

omitted). "The exemption applies to civil and regulatory proceedings as well as to criminal matters." *Pope v. United States*, 599 F.2d 1383, 1386 (5th Cir. 1979). Under this standard, INV-50 was "compiled for law enforcement purposes" because it relates to background checks that OPM is tasked with conducting, which are "designed to develop information as to whether the employment or retention in employment in the Federal service of the person being investigated is clearly consistent with the interests of the national security." Executive Order No. 10,450, 18 Fed. Reg. 2489 (April 27, 1953); *see Mittleman v. Office of Personnel Management*, 76 F.3d 1240, 1243 (D.C. Cir. 1996) (holding that OPM background check documents were "compiled for law enforcement purposes").

Courts are divided on whether a showing of a risk of "circumvention of the law" is required for an agency to withhold law enforcement "techniques or procedures," or whether they can be categorically withheld. *Compare PHE, Inc. v. Dep't of Justice*, 983 F.2d 248, 250 (D.C. Cir. 1993) ("under both the (b)(2) and the (b)(7)(E) exemptions, the agency must establish that releasing the withheld materials would risk circumvention of the law"); *Davin v. Dep't of Justice*, 60 F.3d 1043, 1064 (3d Cir.1995) ("Exemption 7(E) applies to law enforcement records which, if disclosed, would risk circumvention of the law."); *with Smith v. Bureau of Alcohol, Tobacco & Firearms*, 977 F. Supp. 496, 501 (D.D.C. 1997) ("Exemption 7(E) provides categorical protection to information related to law enforcement techniques"); *see also Asian Law Caucus v. Dep't of Homeland Sec.*, 2008 WL 5047839, at *3 (N.D. Cal. Nov. 24, 2008) (discussing divided authority on this question). The Fifth Circuit has applied the "circumvention of the law" requirement to law enforcement "techniques or procedures," stating, "Exemption 7 provides that

10

exemption is appropriate if the information 'could reasonably be expected to risk circumvention of the law.'" *Benavides v. U.S. Marshals Service*, 990 F.2d 625, 1993 WL 117797, at *4 (5th Cir. March 24, 1993) (per curiam) (unpublished).[3] *Benavides* allowed the withholding of Drug Enforcement Administration procedures for the use of "buy money" because an agency affidavit stated with "reasonably specific detail" "that the release of the information requested would compromise the integrity of the undercover techniques and assist drug violators in evading detection and apprehension." *Id.* at *4. In light of *Benavides* and the need for courts to "narrowly construe[]" FOIA exemptions "to choose that interpretation most favoring disclosure," *FBI v. Abramson*, 456 U.S. 615, 636-37 (1982), the Court interprets Exemption (b)(7)(E) to allow withholding of law enforcement techniques or procedures only if the agency demonstrates that disclosure could reasonably be expected to risk circumvention of the law.

OPM's declarations are inadequate to meet the agency's burden to describe why the withheld record falls within the narrow exemption. Forberger states only that the redacted portions "could reasonably be expected to risk circumvention of the laws that govern the personnel background investigation process as the redacted portions describe the areas of interest that an investigator may ask about, the fingerprint submission process, and the guidance for handling protected sources." (Doc. No. 47-2, ¶ 17.) An agency cannot justify withholding a record simply by stating the topics covered in the record and then reciting the statutory language. *See PHE*, 983 F.2d at 250 ("an affidavit that contains merely a "categorical description of redacted materials coupled with categorical indication of anticipated consequences of disclosure is clearly inadequate") (internal citations omitted). OPM cannot carry its burden simply by stating, for example,

---

[3] *See* 5th Cir. R. 47.5.3 ("Unpublished opinions issued before January 1, 1996[], are precedent.").

that the record describes "the guidance for handling protected sources," as if the risk of circumvention of the law were self-evident.[4] OPM's declarations do not provide enough detail about the contents of the record, or the possibility of a risk of circumvention of the law, to meet its burden. Accordingly, the Court ordered OPM to produce the unredacted document for *in camera* review. (Doc. No. 51.) *See Batton v. Evers*, 598 F.3d 169, 178 (5th Cir. 2010) (finding abuse of discretion where district court failed to conduct *in camera* review, or otherwise make factual determinations, after agency failed to specifically describe withheld documents); *Ray v. Turner*, 587 F.2d 1187, 1195 (D.C. Cir. 1978) ("The ultimate criterion is simply this: Whether the district judge believes that In camera inspection is needed in order to make a responsible de novo determination on the claims of exemption.").

Upon reviewing the unredacted version of INV-50 *in camera*, the Court finds that there is a reasonable risk of circumvention of the law upon disclosure for the first section withheld under this exemption (on the first page) and second section withheld under this exemption (on the top right portion of the second page), but not for the final withheld section. The final paragraph discusses only the division of labor among subagencies in handling questions and requests relating to the use of protected sources in background checks. The Court can think of no way that disclosure of this information could present any risk whatsoever of circumvention of the law, and OPM has failed to provide any explanation. Accordingly, the final withheld paragraph on INV-50 must be disclosed.

### 4. Privacy Act Exemptions

---

[4] In the future, OPM should plan to submit affidavits, in contexts such as the present, that do not assume that the need for exemption is self-evident.

OPM also argues that INV-50 can be withheld under Privacy Act Exemptions (j)(1) and (k)(2). However, INV-50 does not constitute a "record" for Privacy Act purposes because it is not an "item, collection, or grouping of information *about an individual*." 5 U.S.C. § 552a(a)(4) (emphasis added). Instead, it is a description of background investigations generally, with no reference to or indentifying information about any individual. *Cf., e.g.*, *Quinn v. Stone*, 978 F.2d 126, 133 (3d Cir. 1992) ("even if a piece of information could not meet a 'characteristic or quality' test standing alone, it could still be included within a 'record' as statutorily defined and protected by the Act if that piece of information were linked with an identifying particular"). Furthermore, even if the Privacy Act applied to this record, that statute cannot be used to withhold any record "which is otherwise accessible to [an] individual" under FOIA. Therefore, the Privacy Act exemptions provide no support for OPM to withhold the redacted portions of INV-50.

### B. Plaintiff's 1988-89 Employment File

Plaintiff also seeks his 1988-89 OPM Employment File, which he alleges has been withheld from him. Specifically, Plaintiff alleges that OPM denied his 2002 and 2009 FOIA requests for access to the file. Plaintiff believes the file to be located at the OPM office in Dayton, Ohio. OPM contends that it has fully searched for the file but has not found it, and that the file must either never have existed or have been destroyed.

The Court held a status conference on October 12, 2010, during which the parties discussed the status of Plaintiff's 1988-89 Employment File. However, OPM acknowledges that its affidavits do not specifically discuss which offices and databases were searched. Accordingly, OPM agreed to inquire into whether a search of the Dayton

13

office has occurred, and to provide a supplemental affidavit regarding the search for the file. If, 30 days after entry of this order, Plaintiff contends that OPM's declarations are inadequate or that OPM has improperly withheld the 1988-89 employment file, Plaintiff may file a motion with the Court.

## IV. DECLARATORY JUDGMENT

Plaintiff seeks a declaratory judgment that the agencies' earlier withholding of his records, which they have now produced, was improper. However, because the documents have now been produced, the claim for declaratory relief is now moot. *See Cornucopia Institute v. Dep't of Agriculture*, 560 F.3d 673, 675-77 (7th Cir. 2009) (FOIA declaratory judgment claim moot because no case or controversy remains after agency has produced requested records); *see also Creel v. Dep't of State*, 42 F.3d 641, 1994 WL 708640, at *1 (5th Cir. Dec. 5, 1994) (unpublished) (citing *Voinche v. FBI*, 999 F.2d 962, 963 (5th Cir.1993)).

## V. DAMAGES

Plaintiff argues that he is entitled to damages because Defendants intentionally and willfully violated FOIA and the Privacy Act. Nothing in the FOIA statute, however, authorizes damages awards to requesters for agency non-compliance or misconduct. *See, e.g.*, *Johnson v. City of Shorewood*, 360 F.3d 810, 816 (8th Cir. 2004) (citing 5 U.S.C. § 552(a)(4)(B)). Accordingly, the Court denies that claim.

The Privacy Act authorizes courts to award monetary damages for violations of the statute that are "intentional or willful" and they have an "adverse effect on an individual." 5 U.S.C. § 552a(g). Plaintiff does state in his affidavit, "I believe DOS and

OPM intentionally and willfully violated . . . the Privacy Act, regarding my FOIA/PA request." (Doc. No. 42, at 22.) However, beyond that conclusory assertion, Plaintiff provides no evidence of intentional or willful conduct on the part of the agencies. Plaintiff's factual assertions about his repeated Privacy Act requests and the delay in receiving records are insufficient to raise an inference of willful or intentional withholding of records about him. *See Tijerina v. Walters*, 821 F.2d 789, 799 (D.C. Cir. 1987) (willful or intentional standard "is viewed as only somewhat greater than gross negligence"). Moreover, Plaintiff does not describe any particular adverse effect in his affidavit, but merely states that he "suffered an adverse effect that is the direct and proximate cause of each of the FOIA and PA violations, committed by DOS and OPM." (Doc. No. 42, at 23.) The Court acknowledges that Plaintiff is pro se, and resolves any doubts in his favor in determining whether there is a genuine dispute of material fact on the issue of damages. However, there is insufficient evidence to defeat summary judgment on the issue of Privacy Act damages, and Defendants' Motion is granted with respect to damages.

## VI.     ATTORNEY'S FEES

Plaintiff seeks attorney's fees under the Privacy Act. However, "[*p*]*ro se* litigants are not entitled to attorney fees under either the FOIA or the Privacy Act unless the litigant is also an attorney." *Smith v. O'Brien*, 59 F.3d 1241, 1995 WL 413052, at *2 (5th Cir. June 19, 1995) (per curiam) (unpublished) (citing *Barrett v. Bureau of Customs*, 651 F.2d 1087, 1089-90 (5th Cir. 1981)). Accordingly, Plaintiff's request for attorney's fees is denied.

## VII.   MOTION TO STRIKE

Plaintiff moves to strike Defendants' Response to Plaintiff's Motion for Summary Judgment on the grounds that it is an insufficient defense, and an impertinent and scandalous matter. *See* Fed. R. Civ. P. 12(f). The Court does not find that the Defendants' response constitutes "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Id.* Accordingly, the Motion to Strike is denied.

## VIII.   SANCTIONS

Finally, Plaintiff moves for sanctions against Assistant United States Attorney Nancy Leonard, counsel for Defendants, based on Plaintiff's claims that Attorney Leonard attached irrelevant documents to Defendants' Response to Plaintiff's Motion for Summary Judgment and intentionally delayed this case for over 135 days. The Court finds no violation of Federal Rule of Civil Procedure 11, and therefore denies the Motion for Sanctions.

## IX.   CONCLUSION

Plaintiff's Motion for Summary Judgment (Doc. No. 42) is **GRANTED IN PART AND DENIED IN PART**. Defendants' Cross-Motion for Summary Judgment (Doc. No. 47) is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's Motion to Strike and for Sanctions (Doc. No. 48) is **DENIED**. Defendant OPM shall produce the final withheld paragraph of INV-50 to Plaintiff within 30 days. Defendant OPM shall also either submit an additional sworn declaration withholding two lines on INV-50 pursuant to FOIA Exemption (b)(3), or produce those two lines to Plaintiff within 30 days.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 22nd day of October, 2010.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE