UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **DARRYL W. RISER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 09-3273** |
| | § | |
| **UNITED STATES DEPARTMENT OF** | § | |
| **STATE and UNITED STATES OFFICE** | § | |
| **OF PERSONNEL MANAGEMENT,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## MEMORANDUM AND ORDER

Pending before the Court are Plaintiff's Motion for Summary Judgment (Doc. No. 60) and Motion to Strike (Doc. No. 64), and Defendants' Motion to Dismiss (Doc. No. 63). Having considered the parties' filings and the applicable law, the Court finds that Plaintiff's Motion for Summary Judgment and Motion to Strike should be **DENIED** and that Defendants' Motion to Dismiss should be **GRANTED**.

### I.    PLAINTIFF'S REQUEST FOR FEES, COSTS, AND DAMAGES

Plaintiff brought suit against Defendant agencies pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. In his Motion for Summary Judgment, Plaintiff now seeks attorney's fees of $200, paralegal fees of $35,400, and damages of $100,000. Defendants argue that no fees or costs should be awarded.

In the Order of October 22, 2010 (Doc. No. 55), the Court denied Plaintiff's request for attorney's fees under the Privacy Act on the grounds that Plaintiff is *pro se*

and is not an attorney, so is not eligible for attorney's fees. (*Id.* at 15 (citing *Smith v. O'Brien*, 59 F.3d 1241, 1995 WL 413052, at *2 (5th Cir. June 19, 1995) (per curiam) (unpublished)). Plaintiff then filed another request for fees and costs, including $200 for a consultation with an attorney, Ashok Bail, and over $35,000 for "paralegal services" provided by "Complaint Processors," a sub-entity of "Professional Life Skills Mentors and Coaches, LLC." (*See* Doc No. 58, Amended Reply to Memorandum and Order.) The Court held a hearing on that request on November 17, 2010, during which Plaintiff acknowledged that the only members of Professional Life Skills Mentors and Coaches, LLC are Plaintiff and his spouse. The Court permitted Plaintiff to submit additional authority, and he submitted this request for fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

Paralegal fees may be recoverable under the EAJA. *See Richlin Sec. Service Co. v. Chertoff*, 553 U.S. 571 (2008). However, the Fifth Circuit has held that *Richlin*'s "discussion of paralegal fees was confined solely to those fees associated with paralegals employed by the law firm representing the plaintiff." *United States v. Claro*, 579 F.3d 452, 467 (5th Cir. 2009). In this case, Plaintiff has made no claim (let alone showing) that the paralegal services were connected to any attorney, let alone an attorney representing Plaintiff. Accordingly, the Court finds no basis to award such fees.[1]

Moreover, by Plaintiff's own admission at the November 17 hearing, the only employees of the "paralegal services" company are Plaintiff and his spouse. In his

---

[1] The Court notes that, if the paralegal services company *were* practicing law without the supervision of an attorney, this would raise a different set of issues. Texas law prohibits those who are not admitted to the state bar from practicing law, defined as "the preparation of a pleading or other document incident to an action or special proceeding or the management of the action or proceeding on behalf of a client before a judge in court as well as a service rendered out of court, including the giving of advice or the rendering of any service requiring the use of legal skill or knowledge, such as preparing a will, contract, or other instrument, the legal effect of which under the facts and conclusions involved must be carefully determined." Tex. Govt. Code. § 81.101 & 102.

petition for fees prior to that hearing, however, Plaintiff failed to reveal to the Court that he had any connection to the company; only the Court's Internet research revealed his role. As noted during the hearing, the Court finds this lack of candor greatly troubling. At a minimum, it creates the impression that Plaintiff sought reimbursement for payments to his own paralegal services company in order to circumvent the Court's prior ruling that a pro se, non-lawyer party is not entitled to attorney's fees. Under the EAJA, courts may decline to award fees where "special circumstances make an award unjust," 28 U.S.C. § 2412(d)(1)(A), and under FOIA courts "*may* assess against the United States reasonable attorney fees and other litigation costs . . . ." 5 U.S.C. §552(a)(4)(E) (emphasis added). Due to Plaintiff's failure to disclose his involvement with the paralegal services company, the Court finds that "special circumstances make an award unjust" under the EAJA, and, in its discretion under FOIA, also finds it inappropriate to award Plaintiff attorney's fees of $200.[2]

To the extent that Plaintiff seeks fees and costs under § 552a(g)(3) of the Privacy Act, the Court, in its discretion, denies such request for the reasons discussed above. To the extent that Plaintiff seeks fees and costs under § 552a(g)(4) of the Privacy Act, the Court denies such request because there is not sufficient evidence to demonstrate that "the agency acted in a manner which was intentional and willful." With regard to Plaintiff's claim for damages under the Privacy Act, the Court already denied this request in the October 22 order on the grounds that Plaintiff has not proven intentional or willful

---

[2] In so holding, the Court expresses no opinion as to whether Plaintiff would otherwise qualify for fees and costs under the statutes. For example, the Court does not decide whether Plaintiff "substantially prevailed" under FOIA, whether he is a "prevailing party" under the EAJA, or whether Plaintiff's consultation with attorney Ashok Bail was sufficiently related to this case.

conduct by the agencies or any particular adverse effect he has suffered. (Doc. No. 55, at 14-15.)

## II.   PLAINTIFF'S MOTION TO STRIKE

Plaintiff moves to strike Defendants' Motion to Dismiss and Response to Plaintiff's Motion for Summary Judgment on the grounds that it involves a "moot issue," that it is a "scandalous matter," and that Defendants "failed to defend against Plaintiff's Motion for Summary Judgment." *See* Fed. R. Civ. P. 12(f). The Court does not find that Defendants' filing constitutes "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Id.* Accordingly, the Motion to Strike is denied.

## III.   GOVERNMENT'S MOTION TO DISMISS

The Court finds that the Defendant agencies have now fully complied with their obligations under FOIA, the Privacy Act, and the Court's orders, and have produced all records responsive to Plaintiff's requests that are not exempted by statute. Accordingly, the Court finds is appropriate to dismiss the case.

## IV.   CONCLUSION

For the reasons stated in this order, Plaintiff's Motion for Summary Judgment (Doc. No. 60) and Motion to Strike (Doc. No. 64) are **DENIED**, and Defendants' Motion to Dismiss (Doc. No. 63) is **GRANTED**.


**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the ___ day of December, 2010.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE